UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY CURTIS PALMER,<br><br>          Plaintiff,<br><br>    v.<br><br>S. DELGADO, et al.,<br><br>          Defendants. | Case No. 1:24-cv-00237-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL OF CERTAIN CLAIMS UNDER FED. R. CIV. P. 41(a)(1)(A)(i)<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANTS<br><br>(Doc. No. 8)<br><br>ORDER DEEMING PLAINTIFF'S FIRST AMENDED COMPLAINT THE OPERATIVE COMPLAINT IN THIS ACTION<br><br>(Doc. No. 9) |

      Plaintiff Johnny Curtis Palmer is proceeding pro se and *in forma pauperis* in this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  On March 22, 2024, this Court issued a screening order of Plaintiff's Complaint, finding the Complaint stated cognizable Eighth Amendment claims for excessive use of force against Defendants Hernandez, Delgado, Huerta-Silva, and On, and an Eighth Amendment claim for failure to intervene against Defendant Haddad, but no claim as to Defendant Ramirez.  (Doc. No. 7 at 8).  The Court directed Plaintiff to either (1) file an amended complaint consistent with the screening order; (2) file a notice under

Rule 41 and Rule 15 to proceed only on the claims the court found cognizable in its screening order; or (3) stand on the Complaint subject to the undersigned issuing a Findings and Recommendations to dismiss Defendant Ramirez and claims the Court deemed not cognizable. (*Id*. at 8-9). On April 15, 2024, Plaintiff filed a pleading titled "Notice to File Voluntary Dismissal of Defendant, Ramirez, and other Claims not cognizable & filing an [sic] First Amended Complaint." (Doc. No. 8). On the same day, Plaintiff filed a First Amended Complaint, which largely realleges the claims deemed cognizable by the Court's March 22, 2024 Screening Order and omits Ramirez as a Defendant and any claims against him deemed not cognizable. (*See* Doc. No. 9, "FAC").

      The Court construes Plaintiff's Notice coupled with his FAC to be a notice of voluntary dismissal of Defendant Ramirez and the Eighth Amendment deliberate medical indifference claim against her. Plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party answers a complaint. Fed. R. Civ. P. 41 (a)(1)(A)(i). As discussed in the Court's March 22, 2024 Screening Order, the Complaint failed to state a cognizable Eighth Amendment deliberate medical indifference claim against Defendant Ramirez. (*See* Doc. No. 7 at 6-8). In accordance with Plaintiff's construed notice of voluntarily dismiss under Rule 41, Plaintiff's claim against Defendants Ramirez is dismissed without prejudice by operation of law. (*See* Doc. No. 11); *see also* Fed. R. Civ. P. 41(a)(1)(A)(i). Indeed, Plaintiff's FAC largely mirrors the initial Complaint and reasserts the Eighth Amendment excessive use of force and failure to intervene claims previously deemed cognizable by this Court. Thus, the Court deems its screening order to the Complaint as applicable to the FAC, which it deems to be the operative pleading.

      Plaintiff will be permitted to proceed on his Eighth Amendment excessive use of force claims in the FAC against Defendants Hernandez, Delgado, Huerta-Silva, and On, and Eighth Amendment claim for failure to intervene against Defendant Haddad. (*See* Doc. No. 7 at 8); (*see also* Doc. No. 8). The Court will direct service of process on Defendants Hernandez, Delgado, Huerta-Silva, On, and Haddad by separate order.

////

Accordingly, it is **ORDERED**:

1. The First Amended Complaint (Doc. No. 9, "FAC") is deemed the operative complaint in this matter.
2. The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendant Ramirez.

Dated: April 18, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE